**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

UNITED STATES OF AMERICA
*ex rel.* DONALD JOHNSON
and HAEDEUK YAE,

Plaintiffs,

v.

CHROMOLOGIC LLC and
NARESH MENON,

Defendants.

Case no. 21-cv-02184

Senior Judge Richard J. Leon

# RESPONSE TO ORDER TO SHOW CAUSE

On behalf of relators Donald Johnson and Robert Haedeuk, we respectfully ask the Court not to dismiss this action without prejudice for failing to serve the complaint upon the defendants under Fed. R. Civ. P. 4(m) and propose instead that relators be given 10 days to serve the California-based defendants in this matter. As discussed below, the failure to serve the defendants thus far is due to regrettable attorney oversight and miscommunication and not any willful disregard of the applicable rules or process. Indeed, while the case was in abeyance under seal, counsel for relators continued to investigate complex allegations and identify and communicate with potential witnesses.

## I. Procedural History

This is a qui tam action brought under the False Claims Act. The two relators are former employees of the defendants. The essence of their allegations is that defendants defrauded the SBA's Small Business Innovation Research (SBIR) program by falsifying research results and timesheets. The case was originally filed in the Central District of California in January 2020

with only one relator (Johnson) and one theory of liability (falsified research results). The U.S. Attorney's Office for the Central District of California investigated the allegations and declined to intervene in the matter in September 2020 and Johnson dismissed the case without prejudice shortly thereafter. When the case came out from under seal and received public attention, the second relator (Haedeuk) contacted relator's counsel Tim McInnis and sought to be added to a renewed complaint with the additional theory of liability (fraudulent timesheets). Thereafter, a decision was made to refile the matter in this District, where the SBA is located.

The case was filed under seal and in camera in this Court on August 5, 2021. Thereafter, the U.S. Attorney's Office for the District of Columbia (USAO) reviewed the matter and investigated the allegations underlying the new theory of liability. During this process, the relators and their counsel actively assisted the Government's investigation, including, through two relator interviews, the submission of additional documents and analyses, and supplemental information concerning potential witnesses. After an investigation lasting more than 1 and ¾ years, the Government attorneys notified relators' counsel that the Government was declining to intervene in the matter and would notify the Court of their decision, as required by the FCA. The USAO filed its Notice of Election to Decline Intervention along with a proposed order to unseal the case on May 30, 2023, an undated version of which was received by relator's counsel via U.S. Mail on June 6, 2023.

## II. Notice of Unsealing and Request for Extension of Time to Serve Defendants

The Court signed and docketed the unseal order on June 16, and the matter was subsequently unsealed on June 20, 2023. Counsel for relators have reviewed their files and are unable to find any transmission from the Court with the unseal order. But that is not a dispositive fact here because it turns out that a Trial Attorney from the Department of Justice sent a copy of

the signed unseal order via email to both attorneys of record for relators. Unfortunately, neither attorney realized it was the Court's Order attached to the e-mail from the Government, and not the Government's Notice of Declination, and instead continued waiting for formal notice of the unseal order from the Court which neither attorney received. Both attorneys therefore remained under the mistaken notion that the complaint remained under seal, and thus could not be served on the defendants. Such a delay in unsealing a complaint is not entirely unheard of in the prosecution of FCA cases. Still, we concede that with greater diligence we could have, and should have, learned that the matter was no longer under seal. Had we known this, we most certainly would have served the complaint within 90 days as required by Fed. R. Civ. P. 4(m). That is, by September 18, 2023.

Admittedly, counsel for relators are late in serving defendants. But, this is not due to any willfulness or egregious misconduct on our part, or that of the relators, who want to pursue this matter on a declined basis, which is permitted under the FCA.

On its face, the Court has discretion to dismiss the case without prejudice under Fed. R. Civ. P. 4(m) or, alternatively, order the complaint be served within a specified time. See Fed. R. Civ. P. 4(m). We respectfully ask the Court to follow the latter course of action. Among other reasons, relators' counsel have not flouted any prior orders and have abided generally by the Federal Rules of Civil Procedure, the rules of this Court and the unique seal and withhold service procedural requirements of the FCA, which contributed to the failure of relators to effectuate service within the required time here. Moreover, defendants are not prejudiced by the requested extension of service given the combined 2 ½ years of sealing while the two USAOs investigated the allegations. For these reasons, we respectfully ask the Court to exercise its discretion by setting a fixed date (we suggest 10 days) by which relators must serve defendants.

a. A Short Extension is Consistent with Law in this Circuit

Granting relators a short extension following the Court's order is consistent with apposite law in this Circuit. *See Wilson v. Prudential Fin.*, 332 F. Supp. 2d 83, 89-90 (D.D.C. 2004) (granting extension to serve rather than dismiss because of judicial economy and no prejudice to defendant). The court recognized that a district court has the discretion to decide to grant an extension of time to serve. *See id.* Among the factors district courts may consider when exercising that discretion is whether the plaintiff is diligent in correcting the service deficiencies, as we seek to do here. *Morrissey v. Mayorkas*, 17 F. 4th 1150, 1160 (D.C. Cir. 2021).

The Court may also consider how similar discretion has been applied under Fed. R. Civ. P. 41(b) (permitting court to dismiss an action *sua sponte* for want of prosecution). Dismissal under Rule 41(b) is proper if, in view of the entire procedural history of the case, the litigant has not manifested reasonable diligence in pursuing the cause. *See Bomate v. Ford Motor Co.*, 761 F.2d 713, 714 (D.C. Cir. 1985). A lengthy period of inactivity is sometimes enough to justify dismissal under Rule 41(b). *See Smith-Bey v. Cripe*, 852 F.2d 592, 594 (D.C. Cir. 1988). However, "disposition of claims on the merits is favored," and "the harsh sanction of dismissal for failure to prosecute is ordinarily limited to cases involving egregious conduct by particularly dilatory plaintiffs, after less dire alternatives have been tried without success." *Noble v. U.S. Postal Serv.*, 71 F. App'x 69 (D.C. Cir. 2003). Courts may also dismiss cases where there is evidence in the record of bad faith, deliberate misconduct, or tactical delay, and by evidence of prejudice to defendants caused by plaintiff's failure to diligently pursue his or her lawsuit. *See Gardner v. United States*, 211 F.3d 1305, 1309 (D.C. Cir. 2000). "Prejudice [against defendants] must be so severe as to make it unfair to require the other party to proceed with the case." *Id.* at 1309. None of the foregoing factors exist in this case.

b. An Extension is Consistent with the Goals of the Federal Rules of Civil Procedure

Lastly, the Court may be guided by the general interpretive guidelines in Fed. R. Civ. P. 1 (stating the Federal Rules of Civil Procedure "should be construed, administered, and employed by the court . . . to secure the just, speedy, and inexpensive determination of every action and proceeding"). Those goals can best be met in this case by granting relators a brief extension from the time of the Court's ruling to serve the defendants.

Respectfully submitted,

McINNIS LAW

By: /s/ *Timothy J. McInnis*
Timothy J. McInnis [7151]
521 Fifth Avenue, 17th Floor
New York, NY 10175
Tel: (212) 292-4573
Fax: (212) 292-4574
Email: tmcinnis@mcinnis-law.com

*Admitted Pro Hac Vice*

COHEN SEGLIAS PALLAS GREENHALL & FURMAN

By: /s/ *Julie A. Grohovsky*
Julie A. Grohovsky (D.C. Bar # 412 566)
900 Seventh Street, NW
Suite 725
Washington, D.C. 20001
Tel: (202) 466-4110
Fax: (202) 466-2693
Email: jgrohovsky@cohenseglias.com