MICHAEL I. KESSLER (SBN 332018)
**O'HAGAN MEYER**
21650 Oxnard Street, Suite 1050
Woodland Hills, CA, 91367
Telephone: (213) 306-1610
Facsimile: (213) 306-1615
Email: mkessler@ohaganmeyer.com
Attorney for Defendants,
CHROMOLOGIC LLC
and NARESH MENON

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. DONALD JOHNSON and HAEDEUCK YAE<br><br>Plaintiffs,<br><br>vs.<br><br>CHROMOLOGIC LLC and NARESH MENON<br><br>Defendants. | CASE NO. 2:24-cv-06749 PA (JPRx)<br><br>**DEFENDANTS CHROMOLOGIC LLC AND NARESH MENON'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** |

**ANSWER**

Defendants ChromoLogic LLC ("ChromoLogic") and Naresh Menon ("Menon") (jointly, "Defendants"), by counsel, state as follows in Answer to the First Amended Complaint ("FAC") filed by Donald Johnson ("Johnson") and Haedeuk Yae ("Yae") (jointly, "Relators"), each on behalf of the United States of America.

**OVERVIEW OF ALLEGATIONS**

1. Defendants admit that Relators have brought this civil action against Defendants under the *qui tam* provisions of the False Claims Act, 31 U.S.C. §§ 3729 *et seq.* ("FCA"). Defendants deny that they have violated the FCA, and they deny the claims asserted in the FAC.

2. Defendants deny the allegations in paragraph 2 of the FAC.

3. Defendants deny the allegations in paragraph 3 of the FAC.

4. Defendants deny the allegations in paragraph 4 of the FAC.

5. Defendants deny the allegations in paragraph 5 of the FAC.

**PARTIES, PERSONS AND ENTITIES**

6. Defendants admit the allegations in paragraph 6 of the FAC.

7. Defendants admit the allegations in paragraph 7 of the FAC.

8. Defendants admit that ChromoLogic employed Johnson from September 2016 to March 2019 and that he holds a Ph.D in Chemistry from the University of California. Defendants also admit that, while he was employed by ChromoLogic, at times Johnson served as a principal investigator and at other times as a support scientist on projects. Defendants deny all allegations in paragraph 8 of the FAC not specifically admitted herein.

9. Defendants admit that Yae holds a B.A. in Computer Science and a M.S. in Medical Computer Science and that he was employed by ChromoLogic from January 2, 2015 to January 8, 2021. Defendants admit that as an employee of ChromoLogic, Yae performed certain functions for ChromoLogic, including software manager and facilities manager. Defendants deny all allegations in paragraph 9 of the

FAC not specifically admitted herein.

10. Defendants admit that ChromoLogic is a limited liability company organized under California law and that its principal place of business is located in Monrovia, California, and Defendants admit that ChromoLogic has two business units: the Biomedical Solutions Group and Industrial Solutions Group. Defendants deny all allegations in paragraph 10 of the FAC not specifically admitted herein.

11. Defendants admit that Menon resides in California; that he is the Chief Executive Officer and owner of ChromoLogic; that he holds a Ph.D in Physics from Purdue University and served as a visiting fellow at Cornell University for four years. Defendants deny all allegations in paragraph 11 of the FAC not specifically admitted herein.

12. Defendants admit that Claude J. Rogers ("Rogers") is the Director of Biomedical Solutions at ChromoLogic. Defendants deny all allegations in paragraph 12 of the FAC not specifically admitted herein.

13. Defendants admit that Jim Axtelle ("Axtelle") is Vice President of Operations at ChromoLogic. Defendants deny all allegations in paragraph 13 of the FAC not specifically admitted herein.

14. Defendants admit that Theresa Nguyen ("Nguyen") is Vice President of Finance and Administration at ChromoLogic. Defendants deny all allegations in paragraph 14 of the FAC not specifically admitted herein.

**JURISDICTION AND VENUE**

15. Defendants admit that this Court has subject matter jurisdiction over this case.

16. Defendants admit that this Court has personal jurisdiction over them in this case.

17. Defendants admit that venue is proper in this District.

/ / /

/ / /

18. Defendant admits that this action was originally commenced in the United States District Court for the District of Columbia. Defendants deny all allegations in paragraph 18 of the FAC not specifically admitted herein.

19. Defendants admit the allegations in paragraph 19 of the FAC.

**FCA SUBJECT MATTER AND JURISDICTION**

20. The allegations in paragraph 20 of the FAC state a legal conclusion for which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 20 of the FAC.

21. Defendants lack information or knowledge sufficient to form a belief as to the allegations in paragraph 21 of the FAC and on that basis, deny the allegations.

22. Defendants lack information or knowledge sufficient to form a belief as to the allegations in paragraph 22 of the FAC and on that basis, deny the allegations.

23. The allegations in paragraph 23 of the FAC state a legal conclusion for which no response is required. To the extent that a response is required, Defendants deny the allegations in paragraph 23 of the FAC.

**THE FALSE CLAIMS ACT**

24. Defendants lack information or knowledge sufficient to form a belief as to the allegations in paragraph 24 of the FAC and on that basis, deny the allegations.

25. Defendants deny the allegations in paragraph 25 of the FAC.

26. Defendants admit that the FCA contains "*qui tam*" provisions. Defendants deny all allegations in paragraph 26 of the FAC not specifically admitted herein.

27. Defendants lack information or knowledge sufficient to form a belief as to the allegations in paragraph 27 of the FAC and on that basis, deny the allegations.

28. Defendants lack information or knowledge sufficient to form a belief as to the allegations in paragraph 28 of the FAC and on that basis, deny the allegations.

29. Defendants lack information or knowledge sufficient to form a belief as to the allegations in paragraph 29 of the FAC and on that basis, deny the allegations.

## FCA LIABILITY, DAMAGES, PENALTIES AND AWARDS

30. The allegations in paragraph 30 of the FAC purport to characterize the terms and meaning of the FCA. That statute is the best evidence of its content and on that basis, Defendants deny the allegations in paragraph 30 of the FAC that are inconsistent with the terms of the FCA.

31. The allegations in paragraph 31 of the FAC purport to characterize the terms and meaning of the FCA. That statute is the best evidence of its content and on that basis, Defendants deny the allegations in paragraph 31 of the FAC that are inconsistent with the terms of the FCA.

32. The allegations in paragraph 32 of the FAC purport to characterize the terms and meaning of the FCA. That statute is the best evidence of its content and on that basis, Defendants deny the allegations in paragraph 32 of the FAC that are inconsistent with the terms of the FCA.

## RELEVANT FCA DEFINITIONS

33. The allegations in paragraph 33 of the FAC purport to characterize the terms and meaning of the FCA. That statute is the best evidence of its content and on that basis, Defendants deny the allegations in paragraph 33 of the FAC that are inconsistent with the terms of the FCA.

34. The allegations in paragraph 34 of the FAC purport to characterize the terms and meaning of the FCA. That statute is the best evidence of its content and on that basis, Defendants deny the allegations in paragraph 34 of the FAC that are inconsistent with the terms of the FCA.

35. The allegations in paragraph 35 of the FAC purport to characterize the terms and meaning of the FCA. That statute is the best evidence of its content and on that basis, Defendants deny the allegations in paragraph 35 of the FAC that are inconsistent with the terms of the FCA.

/ / /

/ / /

## FCA STATUTE OF LIMITATIONS

36. The allegations in paragraph 36 of the FAC purport to characterize the terms and meaning of the FCA. That statute is the best evidence of its content and on that basis, Defendants deny the allegations in paragraph 36 of the FAC that are inconsistent with the terms of the FCA.

## THE SBA'S SBIR PROGRAM

### Program Overview

37. Defendants admit the allegations in paragraph 37 of the FAC.

38. Defendants admit the allegations in paragraph 38 of the FAC.

39. The allegations in paragraph 39 of the FAC purport to characterize the terms and meaning of the Small Business Innovation Development Act of 1982, 15 U.S.C. § 638(a) ("SBIR"). That statute is the best evidence of its content and its purpose, and on that basis, Defendants deny the allegations in paragraph 39 of the FAC that are inconsistent with the terms of the SBIR.

40. The allegations in paragraph 40 of the FAC purport to characterize the terms and meaning of the SBIR. That statute is the best evidence of its content and its purpose, and on that basis, Defendants deny the allegations in paragraph 40 of the FAC that are inconsistent with the terms of the SBIR.

41. The allegations in paragraph 41 of the FAC purport to characterize the terms and meaning of the SBIR. That statute is the best evidence of its content and its purpose, and on that basis, Defendants deny the allegations in paragraph 41 of the FAC that are inconsistent with the terms of the SBIR.

42. The allegations in paragraph 42 of the FAC purport to characterize the terms and meaning of the SBIR. That statute is the best evidence of its content and its purpose, and on that basis, Defendants deny the allegations in paragraph 42 of the FAC that are inconsistent with the terms of the SBIR.

43. The allegations in paragraph 43 of the FAC purport to characterize the terms and meaning of the SBIR. That statute is the best evidence of its content and its

purpose, and on that basis, Defendants deny the allegations in paragraph 43 of the FAC that are inconsistent with the terms of the SBIR.

44. The allegations in paragraph 44 of the FAC purport to characterize the terms and meaning of the SBIR. That statute is the best evidence of its content and its purpose, and on that basis, Defendants deny the allegations in paragraph 44 of the FAC that are inconsistent with the terms of the SBIR.

45. The allegations in paragraph 45 of the FAC purport to characterize the terms and meaning of the SBIR. That statute is the best evidence of its content and its purpose, and on that basis, Defendants deny the allegations in paragraph 45 of the FAC that are inconsistent with the terms of the SBIR.

46. The allegations in paragraph 46 of the FAC purport to characterize the terms and meaning of the SBIR. That statute is the best evidence of its content and its purpose, and on that basis, Defendants deny the allegations in paragraph 46 of the FAC that are inconsistent with the terms of the SBIR.

47. Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 47 of the FAC and on that basis, deny the allegations.

**SBIR Award Phases**

48. The allegations in paragraph 48 of the FAC purport to characterize the terms and meaning of the SBIR. That statute is the best evidence of its content and its purpose, and on that basis, Defendants deny the allegations in paragraph 48 of the FAC that are inconsistent with the terms of the SBIR.

49. Defendants admit that under the SBIR, government agencies solicit proposals to determine the scientific or technical merit and feasibility of ideas submitted by those agencies. Defendants deny all allegations in paragraph 49 of the FAC not specifically admitted herein.

50. Defendants deny the allegations in paragraph 50 of the FAC.

51. Defendants admit that to obtain a contract for either Phase I or Phase II, an applicant must submit a proposal in response to a solicitation by a government

agency. Defendants deny all allegations in paragraph 51 of the FAC not specifically admitted herein.

52. Defendants admit that government agencies seeking proposals for Phase I contracts evaluate, among other things, whether the proposal will contribute to determining the scientific or technical feasibility of the approach or concept proposed by the government agency. Defendants deny all allegations in paragraph 52 of the FAC not specifically admitted herein.

53. The allegations in paragraph 53 of the FAC purport to characterize the terms and meaning of the SBIR. That statute is the best evidence of its content and its purpose, and on that basis, Defendants deny the allegations in paragraph 53 of the FAC that are inconsistent with the terms of the SBIR.

54. The allegations in paragraph 54 of the FAC purport to characterize the terms and meaning of the SBIR. That statute is the best evidence of its content and its purpose, and on that basis, Defendants deny the allegations in paragraph 54 of the FAC that are inconsistent with the terms of the SBIR.

55. The allegations in paragraph 55 of the FAC purport to characterize the terms and meaning of the SBIR. That statute is the best evidence of its content and its purpose, and on that basis, Defendants deny the allegations in paragraph 55 of the FAC that are inconsistent with the terms of the SBIR.

56. The allegations in paragraph 56 of the FAC purport to characterize the terms and meaning of the SBIR. That statute is the best evidence of its content and its purpose, and on that basis, Defendants deny the allegations in paragraph 56 of the FAC that are inconsistent with the terms of the SBIR.

57. The allegations in paragraph 57 of the FAC purport to characterize the terms and meaning of the SBIR. That statute is the best evidence of its content and its purpose, and on that basis, Defendants deny the allegations in paragraph 57 of the FAC that are inconsistent with the terms of the SBIR.

/ / /

58. The allegations in paragraph 58 of the FAC purport to characterize the terms and meaning of the SBIR. That statute is the best evidence of its content and its purpose, and on that basis, Defendants deny the allegations in paragraph 58 of the FAC that are inconsistent with the terms of the SBIR.

59. (Incorrectly numbered "69" in the FAC). The allegations in paragraph 59 of the FAC purport to characterize the terms and meaning of the SBIR. That statute is the best evidence of its content and its purpose, and on that basis, Defendants deny the allegations in paragraph 59 of the FAC that are inconsistent with the terms of the SBIR.

60. The allegations in paragraph 60 of the FAC purport to characterize the terms and meaning of the SBIR. That statute is the best evidence of its content and its purpose, and on that basis, Defendants deny the allegations in paragraph 60 of the FAC that are inconsistent with the terms of the SBIR.

**SBIR Grant Evaluation and Award Process**

61. Defendants admit that in order to be awarded an SBIR contract, applicants respond to agency solicitations. Defendants deny all allegations in paragraph 61 of the FAC not specifically admitted herein.

62. Defendants deny the allegations in paragraph 62 of the FAC.

63. Defendants deny the allegations in paragraph 63 of the FAC.

64. The allegations in paragraph 64 of the FAC purport to characterize the terms and meaning of the SBIR. That statute is the best evidence of its content and its purpose, and on that basis, Defendants deny the allegations in paragraph 64 of the FAC that are inconsistent with the terms of the SBIR.

65. The allegations in paragraph 65 of the FAC purport to characterize the terms and meaning of the SBIR. That statute is the best evidence of its content and its purpose, and on that basis, Defendants deny the allegations in paragraph 65 of the FAC that are inconsistent with the terms of the SBIR.

/ / /

/ / /

66. Defendants admit that SBIR grants and contracts are competitively awarded. Defendants deny all allegations in paragraph 66 of the FAC not specifically admitted herein.

67. Defendants admit that applicants or solicitations are evaluated by agency personnel who may be scientist and engineers. Defendants deny all allegations in paragraph 67 of the FAC not specifically admitted herein.

68. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 68 of the FAC and on that basis, deny the allegations.

69. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 69 of the FAC and on that basis, deny the allegations.

70. Defendants admit the allegations in paragraph 70 of the FAC.

71. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 71 of the FAC and on that basis, deny the allegations.

72. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 72 of the FAC and on that basis, deny the allegations.

73. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 73 of the FAC and on that basis, deny the allegations.

## Timesheets and Costs Reporting

74. Defendants admit that the proposal contains a budgeted allocation of requested funds. Defendants deny all allegations in paragraph 74 of the FAC not specifically admitted herein.

75. Defendants deny the allegations in paragraph 75 of the FAC.

76. Defendants deny the allegations in paragraph 76 of the FAC.

77. The allegations in paragraph 77 characterize the contents of the SBIR.gov website. That website is the best evidence of its content at any given time, and on that basis, Defendants deny the allegations in paragraph 77 of the FAC inconsistent with the contents of the SBIR.gov website.

78. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 78 of the FAC and on that basis, deny the allegations in paragraph 78 of the FAC.

79. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 79 of the FAC and on that basis, deny the allegations in paragraph 79 of the FAC.

80. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 80 of the FAC and on that basis, deny the allegations in paragraph 80 of the FAC.

81. The allegations in paragraph 81 characterize the contents of the SBIR.gov website. That website is the best evidence of its content at any given time, and on that basis, Defendants deny the allegations in paragraph 81 of the FAC inconsistent with the contents of the SBIR.gov website.

82. The allegations in paragraph 82 of the FAC purport to characterize the terms and meaning of the SBIR. That statute is the best evidence of its content and its purpose, and on that basis, Defendants deny the allegations in paragraph 82 of the FAC that are inconsistent with the terms of the SBIR.

83. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 83 of the FAC and on that basis, deny the allegations in paragraph 83 of the FAC.

84. The allegations in paragraph 84 of the FAC purport to characterize the terms and meaning of the Defense Contract Audit Agency (DCAA) Manual and the SBIR. That DCAA Manual and the SBIR are the best evidence of their content and

/ / /

requirements, and on that basis, Defendants deny the allegations in paragraph 84 of the FAC that are inconsistent with the terms of the SBIR and the DCAA Manual.

85. The allegations in paragraph 85 of the FAC purport to characterize the terms and meaning of the information found on the SBIR.gov website, the DCAA Manual and the SBIR. That DCAA Manual, SBIR.gov website, and the SBIR are the best evidence of their content and requirements, and on that basis, Defendants deny the allegations in paragraph 85 of the FAC that are inconsistent with the terms of the SBIR, SBIR.gov website, and the DCAA Manual.

86. The allegations in paragraph 86 of the FAC purport to characterize the terms and meaning of the SBIR. That statute is the best evidence of its content and its purpose, and on that basis, Defendants deny the allegations in paragraph 86 of the FAC that are inconsistent with the terms of the SBIR.

87. The allegations in paragraph 87 of the FAC purport to characterize the terms and meaning of the information found in form SF 1408 and the SBIR. Form 1408 and the SBIR are the best evidence of their content and requirements, and on that basis, Defendants deny the allegations in paragraph 87 of the FAC that are inconsistent with the terms of the SBIR and SF 1408.

88. The allegations in paragraph 88 of the FAC purport to characterize the terms and meaning of the information found in form SF 1408 and the SBIR. Form 1408 and the SBIR are the best evidence of their content and requirements, and on that basis, Defendants deny the allegations in paragraph 88 of the FAC that are inconsistent with the terms of the SBIR and form SF 1408.

89. The allegations in paragraph 89 of the FAC purport to characterize the terms and meaning of the information found in form SF 1408 and the SBIR. Form 1408 and the SBIR are the best evidence of their content and requirements, and on that basis, Defendants deny the allegations in paragraph 89 of the FAC that are inconsistent with the terms of the SBIR and form SF 1408.

/ / /

90. Defendants lack information or knowledge sufficient to form a belief as to the allegations in paragraph 90 of the FAC and on that basis, deny the allegations.

**Requests for Payments and Progress Reports**

91. Defendants lack information or knowledge sufficient to form a belief as to the allegations in paragraph 91 of the FAC and on that basis, deny the allegations in paragraph 91 of the FAC.

92. Defendants lack information or knowledge sufficient to form a belief as to the allegations in paragraph 92 of the FAC and on that basis, deny the allegations in paragraph 92 of the FAC.

93. Defendants lack information or knowledge sufficient to form a belief as to the allegations in paragraph 93 of the FAC and on that basis, deny the allegations in paragraph 93 of the FAC.

**BAAS AN THE FEDERAL ACQUISITION REGULATION**

94. The allegations in paragraph 94 of the FAC purport to characterize the terms and meaning of the Federal Acquisition Regulation ("FAR"). The FAR is the best evidence of its content and requirements, and on that basis, Defendants deny the allegations in paragraph 94 of the FAC that are inconsistent with the terms of the FAR.

95. The allegations in paragraph 95 of the FAC purport to characterize the terms and meaning of the FAR. The FAR is the best evidence of its content and requirements, and on that basis, Defendants deny the allegations in paragraph 95 of the FAC that are inconsistent with the terms of the FAR.

96. The allegations in paragraph 96 of the FAC purport to characterize the terms and meaning of the FAR. The FAR is the best evidence of its content and requirements, and on that basis, Defendants deny the allegations in paragraph 96 of the FAC that are inconsistent with the terms of the FAR.

97. The allegations in paragraph 97 of the FAC purport to characterize the terms and meaning of the FAR. The FAR is the best evidence of its content and

/ / /

requirements, and on that basis, Defendants deny the allegations in paragraph 97 of the FAC that are inconsistent with the terms of the FAR.

98. The allegations in paragraph 98 of the FAC purport to characterize the terms and meaning of the FAR. The FAR is the best evidence of its content and requirements, and on that basis, Defendants deny the allegations in paragraph 98 of the FAC that are inconsistent with the terms of the FAR.

99. Defendants lack information or knowledge sufficient to form a belief as to the allegations in paragraph 99 of the FAC and on that basis, deny the allegations in paragraph 99 of the FAC.

**SBIR MILLS**

100. Defendants lack information and knowledge sufficient to form a belief as to the allegations in paragraph 100 of the FAC and on that basis, deny the allegations.

101. Defendants lack information and knowledge sufficient to form a belief as to the allegations in paragraph 101 of the FAC and on that basis, deny the allegations.

102. Defendants lack information and knowledge sufficient to form a belief as to the allegations in paragraph 102 of the FAC and on that basis, deny the allegations.

103. Defendants lack information and knowledge sufficient to form a belief as to the allegations in paragraph 103 of the FAC and on that basis, deny the allegations.

104. Defendants lack information and knowledge sufficient to form a belief as to the allegations in paragraph 104 of the FAC and on that basis, deny the allegations.

**GENERAL FACTUAL ALLEGATIONS CONCERNING DEFENDANTS**

105. Defendants admit the allegations in paragraph 105 of the FAC.

106. Defendants deny the allegations in paragraph 106 of the FAC.

107. Defendants deny the allegations in paragraph 107 of the FAC.

108. Defendants deny the allegations in paragraph 108 of the FAC.

**Research Fraud**

109. Defendants deny the allegations in paragraph 109 of the FAC.

110. Defendants deny the allegations in paragraph 110 of the FAC.

111. Defendants deny the allegations in paragraph 111 of the FAC.

112. Defendants deny the allegations in paragraph 112 of the FAC.

**Timesheet Fraud**

113. Defendants deny the allegations in paragraph 113 of the FAC.

114. Defendants deny the allegations in paragraph 114 of the FAC.

115. Defendants admit that in or about 2016, ChromoLogic employed an electronic time keeping system. Defendants admit that the electronic timekeeping system was approved by the DCAA and that it contained a budget for the pay period. Defendants deny all allegations in paragraph 115 of the FAC not specifically admitted herein.

116. Defendants admit that ChromoLogic's time keeping software system was maintained by ChromoLogic's IT department. Defendants deny all allegations in paragraph 116 of the FAC not specifically admitted herein.

117. Defendants admit that the electronic timekeeping system was approved by the DCAA and that it contained a budget for the pay period. Defendants deny all allegations in paragraph 117 of the FAC not specifically admitted herein.

118. Defendants deny the allegations in paragraph 118 of the FAC.

119. Defendants deny the allegations in paragraph 119 of the FAC.

120. Defendants deny the allegations in paragraph 120 of the FAC.

121. Defendants deny the allegations in paragraph 121 of the FAC.

122. Defendants deny the allegations in paragraph 122 of the FAC.

123. Defendants deny the allegations in paragraph 123 of the FAC.

124. Defendants deny the allegations in paragraph 124 of the FAC.

125. Defendants deny the allegations in paragraph 125 of the FAC.

126. Defendants deny the allegations in paragraph 126 of the FAC.

/ / /

/ / /

/ / /

**CHROMOLOGIC'S PROCESS OF APPLYING FOR AND RECEIVING SBIR FUNDS**

127. Defendants admit that SBIR funding agencies release solicitations for SBIR contracts at various times throughout the year. Defendants deny all allegations in paragraph 127 of the FAC not specifically admitted herein.

128. Defendants admit that Jim Axtell ("Axtell") would review agency solicitations and assign persons to oversee the proposal process. Defendants deny all allegations in paragraph 128 of the FAC not specifically admitted herein.

129. Defendants deny the allegations in paragraph 129 of the FAC.

130. Defendants admit that ChromoLogic employs a rigorous process whereby solicitations from government agencies are reviewed, a determination is made on whether to respond to the solicitations, and if appropriate, proposals are developed and reviewed prior to submission to the government agency by knowledgeable in-house and external experts. Defendants deny the allegations in paragraph 130 of the FAC not specifically admitted herein.

131. Defendants admit that ChromoLogic employs a rigorous process whereby solicitations from government agencies are reviewed, a determination is made on whether to respond to the solicitations, and if appropriate, proposals are developed and reviewed prior to submission to the government agency by knowledgeable in-house and external experts. Defendants deny the allegations in paragraph 131 of the FAC not specifically admitted herein.

132. Defendants admit that ChromoLogic employs a rigorous process whereby solicitations from government agencies are reviewed, a determination is made on whether to respond to the solicitations, and if appropriate, proposals are developed and reviewed prior to submission to the government agency by knowledgeable in-house and external experts. Defendants deny the allegations in paragraph 132 of the FAC not specifically admitted herein.

/ / /

133. Defendants admit that ChromoLogic employs a rigorous process whereby solicitations from government agencies are reviewed, a determination is made on whether to respond to the solicitations, and if appropriate, proposals are developed and reviewed prior to submission to the government agency by knowledgeable in-house and external experts. Defendants deny the allegations in paragraph 133 of the FAC not specifically admitted herein.

134. Defendants admit that ChromoLogic employs a rigorous process whereby solicitations from government agencies are reviewed, a determination is made on whether to respond to the solicitations, and if appropriate, proposals are developed and reviewed prior to submission to the government agency by knowledgeable in-house and external experts. Defendants deny the allegations in paragraph 134 of the FAC not specifically admitted herein.

135. Defendants admit that ChromoLogic employs a rigorous process whereby solicitations from government agencies are reviewed, a determination is made on whether to respond to the solicitations, and if appropriate, proposals are developed and reviewed prior to submission to the government agency by knowledgeable in-house and external experts. Defendants deny the allegations in paragraph 135 of the FAC not specifically admitted herein.

136. Defendants admit that ChromoLogic employs a rigorous process whereby solicitations from government agencies are reviewed, a determination is made on whether to respond to the solicitations, and if appropriate, proposals are developed and reviewed prior to submission to the government agency by knowledgeable in-house and external experts. Defendants deny the allegations in paragraph 136 of the FAC not specifically admitted herein.

137. Defendants deny the allegations in paragraph 137 of the FAC.

138. Defendants admit that Menon reviewed Phase I proposals before they were submitted to government agencies. Defendants deny all allegations in paragraph 138 of the FAC not specifically admitted herein.

139. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 139 of the FAC and on that basis, deny the allegations.

140. Defendants admit that if the SBIR funding agency accepted ChromoLogic's proposal, the agency would award a contract to ChromoLogic. Defendants deny the allegations in paragraph 140 of FAC not specifically admitted herein.

141. Defendants admit that after a Phase I project was awarded to ChromoLogic, the responsible PI would hold a meeting, and that Menon generally attended those meeting. Defendants deny all allegations in paragraph 141 not specifically admitted herein.

142. Defendants admit that PIs would conduct meetings to review the progress on the project and that Menon at times attended the meetings. Defendants deny all allegations in paragraph 142 of the FAC not specifically admitted herein.

143. Defendants admit that during the Phase I project, PIs prepared reports in compliance with the contract specifications. Defendants deny all allegations in paragraph 143 of the FAC not specifically admitted herein.

144. Defendants deny the allegations in paragraph 144 of the FAC.

145. Defendants admit that during the Phase I project, PIs prepared reports in compliance with the contract specifications. Defendants deny the allegations in paragraph 145 of the FAC not specifically admitted herein.

146. Defendants deny the allegations in paragraph 146 of the FAC.

147. Defendants deny the allegations in paragraph 147 of the FAC.

148. Defendants admit that ChromoLogic's procedures for Phase II projects are similar to the procedures employed for Phase I projects. Defendants deny all allegations in paragraph 148 of the FAC not specifically admitted to herein.

149. Defendants deny the allegations in paragraph 149 of the FAC.

150. Defendants deny the allegations in paragraph 150 of the FAC.

151. Defendants deny the allegations in paragraph 151 of the FAC.

**SPECIFIC INSTANCES OF RESEARCH FRAUD**

152. Defendants deny the allegations in paragraph 152 of the FAC.

153. Defendants deny that none of the projects ChromoLogic has performed are not on a path towards commercialization. Defendants deny all allegations in paragraph 153 of the FAC not specifically admitted herein.

**A. CereTrec**

154. Defendants admit that ChromoLogic was awarded the Phase I contract described in paragraph 154 of the FAC. Defendants deny that they engaged in research fraud, and they deny all allegations in paragraph 154 of the FAC not specifically admitted herein.

155. Defendants admit that ChromoLogic was awarded the Phase II contract described in paragraph 155 of the FAC. Defendants deny that they engaged in research fraud, and they deny all allegations in paragraph 155 of the FAC.

**B. miDOS/MiRAD**

156. The allegations in paragraph 156 of the FAC attempt to characterize the objectives of the miDOS Phase I and II contracts. Those documents speak for themselves and are the best evidence of their contents and on that basis, Defendants deny the allegations in paragraph 156 of the FAC that are inconsistent with the terms of those contracts.

157. The allegations in paragraph 157 of the FAC attempt to characterize the objectives of the MiRAD's Phase I and II contracts. Those documents speak for themselves and are the best evidence of their contents and on that basis, Defendants deny the allegations in paragraph 157 of the FAC that are inconsistent with the terms of those contracts.

158. The allegations in paragraph 158 of the FAC attempt to characterize the objectives of the miDOS and MiRAD Phase I and II contracts. Those documents speak for themselves and are the best evidence of their contents and on that basis, Defendants

deny the allegations in paragraph 158 of the FAC that are inconsistent with the terms of those contracts.

159. Defendants admit the allegations in paragraph 159 of the FAC.

160. Defendants admit the allegations in paragraph 160 of the FAC.

161. Defendants admit the allegations in paragraph 161 of the FAC.

162. Defendants admit the allegations in paragraph 162 of the FAC.

163. Defendants admit that it was awarded the Phase I contract described in paragraph 163 of the FAC.

164. Defendants admit that ChromoLogic was awarded the Phase I contract described in paragraph 164 of the FAC. Defendants deny that they engaged in research fraud, and they deny all allegations in paragraph 164 of the FAC not specifically admitted herein.

165. Defendants deny the allegations in paragraph 165 of the FAC.

166. Defendants deny the allegations in paragraph 166 of the FAC.

167. Defendants deny the allegations in paragraph 167 of the FAC.

**C. MagTaT**

168. Defendants deny the allegations in paragraph 168 of the FAC.

169. The allegations in paragraph 169 of the FAC attempt to characterize the objectives of the MagTaT Phase I contract. That document speaks for itself and is the best evidence of its contents and on that basis, Defendants deny the allegations in paragraph 169 of the FAC that are inconsistent with the terms of the MagTaT Phase I contract.

170. Defendants admit that ChromoLogic was awarded the Phase I contract described in paragraph 170 of the FAC. Defendants deny that they engaged in research fraud, and they deny all allegations in paragraph 170 of the FAC not specifically admitted herein.

171. Defendants admit the allegations in paragraph 171 of the FAC.

172. Defendants deny the allegations in paragraph 172 of the FAC.

**D. OPPAH**

173. Defendants deny the allegations in paragraph 173 of the FAC.

174. The allegations in paragraph 174 of the FAC attempt to characterize the objectives of the OPPAH Phase I contract. That document speaks for itself and is the best evidence of its contents and on that basis, Defendants deny the allegations in paragraph 174 of the FAC that are inconsistent with the terms of the OPPAH Phase I contract.

175. Defendants admit that ChromoLogic was awarded the Phase I contract described in paragraph 175 of the FAC. Defendants deny that they engaged in research fraud, and they deny all allegations in paragraph 175 of the FAC not specifically admitted herein.

176. Defendants deny the allegations in paragraph 176 of the FAC.

**E. SYNFACT**

177. Defendants deny the allegations in paragraph 177 of the FAC.

178. The allegations in paragraph 178 of the FAC attempt to characterize the objectives of the SYNFACT Phase I and Phase II contracts. Those documents speak for themselves and are the best evidence of their contents and on that basis, Defendants deny the allegations in paragraph 178 of the FAC that are inconsistent with the terms of the SYNFACT Phase I and Phase II contracts.

179. Defendants admit that ChromoLogic was awarded the Phase I contract described in paragraph 179 of the FAC. Defendants deny that they engaged in research fraud, and they deny all allegations in paragraph 179 of the FAC not specifically admitted herein.

180. Defendants admit that ChromoLogic was awarded the Phase II contract described in paragraph 180 of the FAC. Defendants deny that they engaged in research fraud, and they deny all allegations in paragraph 180 of the FAC not specifically admitted herein.

181. Defendants deny the allegations in paragraph 181 of the FAC.

**F. THERASPEC**

182. Defendants deny the allegations in paragraph 182 of the FAC.

183. The allegations in paragraph 183 of the FAC attempt to characterize the objectives of the THERASPEC Phase I and Phase II contracts. Those documents speak for themselves and are the best evidence of their contents and on that basis, Defendants deny the allegations in paragraph 183 of the FAC that are inconsistent with the terms of the THERASPEC Phase I and II contracts.

184. Defendants admit that ChromoLogic was awarded the Phase I contract described in paragraph 184 of the FAC. Defendants deny that they engaged in research fraud, and they deny all allegations in paragraph 184 of the FAC not specifically admitted herein.

185. Defendants admit that ChromoLogic was awarded the Phase II contract described in paragraph 185 of the FAC. Defendants deny that they engaged in research fraud, and they deny all allegations in paragraph 185 of the FAC not specifically admitted herein.

186. Defendants deny the allegations in paragraph 186 of the FAC.

187. Defendants deny the allegations in paragraph 187 of the FAC.

188. Defendants deny the allegations in paragraph 188 of the FAC.

189. Defendants deny the allegations in paragraph 189 of the FAC.

190. Defendants deny the allegations in paragraph 190 of the FAC.

191. Defendants admit the allegations in paragraph 191 of the FAC.

**G. BAID**

192. Defendants deny the allegations in paragraph 192 of the FAC.

193. The allegations in paragraph 193 of the FAC attempt to characterize the objectives of the BAID Phase I and Phase II contracts. Those documents speak for themselves and are the best evidence of their contents and on that basis, Defendants deny the allegations in paragraph 193 of the FAC that are inconsistent with the terms of the BAID Phase I and II contracts.

194. The allegations in paragraph 194 of the FAC attempt to characterize the objectives of the BAID Phase I and Phase II contracts. Those documents speak for themselves and are the best evidence of their contents and on that basis, Defendants deny the allegations in paragraph 194 of the FAC that are inconsistent with the terms of the BAID Phase I and II contracts.

195. Defendants admit that ChromoLogic was awarded the Phase I contract described in paragraph 195 of the FAC. Defendants deny that they engaged in research fraud, and they deny all allegations in paragraph 195 of the FAC not specifically admitted herein.

196. Defendants admit that ChromoLogic was awarded the Phase II contract described in paragraph 196 of the FAC. Defendants deny that they engaged in research fraud, and they deny all allegations in paragraph 196 of the FAC not specifically admitted herein.

197. Defendants deny the allegations in paragraph 197 of the FAC.

## SPECIFIC INSTANCES OF TIMESHEET FRAUD

### Johnson

198. Defendants deny the allegations in paragraph 198 of the FAC.

199. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 199 of the FAC and on that basis, deny the allegations.

200. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 200 of the FAC and on that basis, deny the allegations.

201. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 201 of the FAC and on that basis, deny the allegations.

202. Defendants deny the allegations in paragraph 202 of the FAC.

203. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 203 of the FAC and on that basis, deny the allegations.

204. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 204 of the FAC and on that basis, deny the allegations.

205. Defendants deny the allegations in paragraph 205 of the FAC.

**Yae**

206. Defendants deny the allegations in paragraph 206 of the FAC.

207. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 207 of the FAC and on that basis, deny the allegations.

208. Defendants deny the allegations in paragraph 208 of the FAC.

209. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 209 of the FAC and on that basis, deny the allegations.

210. Defendants deny the allegations in paragraph 210 of the FAC.

**Other Chromologic [sic] Employees**

211. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 211 of the FAC and on that basis, deny the allegations.

**RESEARCH FRAUD MATERIALITY**

212. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 212 of the FAC and on that basis, deny the allegations.

213. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 213 of the FAC and on that basis, deny the allegations.

214. The allegations in paragraph 214 of the FAC attempt to characterize the facts and circumstances of a lawsuit brought by the United States against Lithium Power Techs., Inc. Defendants lack information or knowledge regarding the facts and circumstances of that case and therefore deny the allegations in paragraph 214 of the FAC.

215. The allegations in paragraph 215 of the FAC attempt to characterize the facts and circumstances of a lawsuit brought by the United States against Anghaie. Defendants lack information or knowledge regarding the facts and circumstances of that case and therefore deny the allegations in paragraph 215 of the FAC.

216. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 216 of the FAC and on that basis, deny the allegations.

## TIMESHEET FRAUD MATERIALITY

217. The allegations in paragraph 217 of the FAC relies on certain documents published by government agencies. Those documents speak for themselves and are the best evidence of their content, and on that basis, Defendants deny the allegations in paragraph 217 of the FAC that are inconsistent with the terms of those documents.

218. Defendants lack information or knowledge regarding the truth of the allegations in paragraph 218 of the FAC and on that basis, deny the allegations.

219. The allegations in paragraph 219 state legal conclusion for which no response is required. To the extent a response is required, Defendants deny the allegations.

220. Defendants deny the allegations in paragraph 220 of the FAC.

221. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 221 of the FAC and on that basis, deny the allegations.

/ / /

/ / /

222. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 222 of the FAC and on that basis, deny the allegations.

223. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 223 of the FAC and on that basis, deny the allegations.

224. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 224 of the FAC and on that basis, deny the allegations.

225. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 225 of the FAC and on that basis, deny the allegations.

226. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 226 of the FAC and on that basis, deny the allegations.

227. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 227 of the FAC and on that basis, deny the allegations.

228. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 228 of the FAC and on that basis, deny the allegations.

## RESEARCH FRAUD SCIENTER

229. Defendants deny the allegations in paragraph 229 of the FAC.

230. Defendants deny the allegations in paragraph 230 of the FAC.

231. Defendants deny the allegations in paragraph 231 of the FAC.

232. Defendants deny the allegations in paragraph 232 of the FAC.

233. Defendants deny the allegations in paragraph 233 of the FAC.

234. Defendants deny the allegations in paragraph 234 of the FAC.

**TIMESHEET FRAUD SCIENTER**

235. Defendants deny the allegations in paragraph 235 of the FAC.

236. Defendants deny the allegations in paragraph 236 of the FAC.

**COUNT I**

**RESEARCH FRAUD – FALSE CLAIMS**

**(31 U.S.C. §§ 3729(a)(1)(A))**

237. Defendants incorporate their responses to the allegations in the FAC as if fully set forth herein.

238. Defendants admit that Relators brings a claim for treble damages and penalties under the FCA but deny that Relators are entitled to any such relief.

239. Defendants deny the allegations in paragraph 239 of the FAC.

240. Defendants deny the allegations in paragraph 240 of the FAC.

241. Defendants deny the allegations in paragraph 241 of the FAC.

**COUNT II**

**RESEARCH FRAUD – FALSE STATEMENTS**

**(31 U.S.C. §§ 3729(a)(1)(B))**

242. Defendants incorporate their responses to the allegations in the FAC as if fully set forth herein.

243. Defendants admit that Relators brings a claim for treble damages and penalties under the FCA but deny that Relators are entitled to any such relief.

244. Defendants deny the allegations in paragraph 244 of the FAC.

245. Defendants deny the allegations in paragraph 245 of the FAC.

**COUNT III**

**TIMESHEET FRAUD – FALSE CLAIMS**

**(31 U.S.C. §§ 3729(a)(1)(A))**

246. Defendants incorporate their responses to the allegations in the FAC as if fully set forth herein.

/ / /

247. Defendants admit that Relators brings a claim for treble damages and penalties under the FCA but deny that Relators are entitled to any such relief.

248. Defendants deny the allegations in paragraph 248 of the FAC.

249. Defendants deny the allegations in paragraph 249 of the FAC.

250. Defendants deny the allegations in paragraph 250 of the FAC.

251. Defendants deny the allegations in paragraph 251 of the FAC.

**COUNT IV**

**TIMESHEET FRAUD – FALSE STATEMENTS**

**(31 U.S.C. §§ 3729(a)(1)(B))**

252. Defendants incorporate their responses to the allegations in the FAC as if fully set forth herein.

253. Defendants admit that Relators brings a claim for treble damages and penalties under the FCA but deny that Relators are entitled to any such relief.

254. Defendants deny the allegations in paragraph 254 of the FAC.

255. Defendants deny the allegations in paragraph 25 of the FAC.

256. Defendants deny that Relators are entitled to any relief whatsoever as set forth in the Prayer for Relief.

257. Defendants deny all allegations in the FAC not specifically admitted herein.

258. Defendants include the headings for convenience only and they deny the allegations or assertions made in the heading.

**AFFIRMATIVE DEFENSES**

1. Relators' claims are barred by the statute of limitations set forth in 10 U.S.C. § 3731(b).

/ / /

/ / /

/ / /

## PRAYER

WHEREFORE, Defendants prays that this Court enter judgment as follows:

1. That the FAC be dismissed with prejudice, and that judgment be entered in favor of Defendants and against Relators on the FAC;

2. That Relators take nothing by way of their FAC, and that Relators' request for damages, civil penalties, expenses, interest, attorney's fees and injunctive or other relief be denied;

3. That Defendants be awarded their costs of suit incurred in defense of this action, including its reasonable attorney's fees and expenses, including but not limited to those available pursuant to 31 U.S.C. § 3730(d)(4); and

4. For such further and other relief as the Court may deem just and proper.

Respectfully submitted,

Dated: October 9, 2024

**O'HAGAN MEYER**

By: */s/ Michael I. Kessler*
MICHAEL I. KESSLER
*Attorneys for Defendants,*
*ChromoLogic LLC and Naresh Menon*