Timothy J. McInnis
(*pro hac vice*)
**McINNIS LAW**
521 Fifth Avenue, 17th Floor
New York, NY 10175
Tel: (212) 292-4573
Fax: (212) 292-4574
Email: tmcinnis@mcinnis-law.com

Mark Allen Kleiman
**KLEIMAN RAJARAM**
12121 Wilshire Blvd., Ste. 810
Los Angeles, CA 90025
Tel: (310) 392-5455
Fax: (310) 306-8491
Email: mark@krlaw.us

Attorney for Relators,
DONALD JOHNSON and HAEDEUK YAE

Michael I. Kessler (SBN 332018)
e-mail: mkessler@ohaganmeyer.com
**O'HAGAN MEYER**
21650 Oxnard St., Ste. 530
Woodland Hills, CA 91367
Tel: (213) 306-1610
Fax: (213) 306-1615

Attorney for Defendants,
CHROMOLOGIC LLC and
NARESH MENON

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA –WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. DONALD JOHNSON and HAEDEUCK YAE<br><br>Plaintiffs,<br><br>vs.<br><br>CHROMOLOGIC, LLC and NARESH MENON<br><br>Defendants. | CASE NO. 2:24-cv-06749 PA (JPRx)<br><br>**JOINT RULE 26(F) REPORT**<br><br>**<u>Scheduling Conference:</u>**<br>Date: November 25, 2024<br>Time: 10:30 a.m.<br>Courtroom: 9A |

Plaintiffs/Relators UNITED STATES OF AMERICA ex rel. DONALD JOHNSON (“Johnson”) and HAEDEUK YAE (“Yae”) (“Relators”) and Defendants CHROMOLOGIC, LLC (“ChromoLogic”) and NARESH MENON (“Menon”) (collectively “Defendants”) (collectively the “Parties”), by and through their undersigned attorneys, pursuant to the Court’s October 10, 2024 Order Setting Scheduling Conference and Federal Rule of Civil Procedure 26(f), hereby submit their Joint Rule 26(f) Report as follows:

**A. Rule 16 Pretrial Conference**

Counsel for the Parties held a scheduling and planning conference on October 31, 2024 and discussed the following discovery plan.

/ / /

/ / /

/ / /

**a. Changes in the timing, form, or requirement for disclosures under Rule 26(a), and when initial disclosures were made or will be made.**

The Parties agreed that initial disclosures pursuant to Rule 26(a) will be made on **November 30, 2024**.

**B. The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.**

The parties discussed the scope of discovery and agreed that the scope of discovery would encompass Relators' claims regarding alleged fraud in the procurement or in the performance of research projects conducted by ChromoLogic for various government agencies and Relators' claims regarding alleged fraudulent time records.

With respect to Relators' allegations of fraud in the procurement or in the performance of research projects, the parties agreed to phase discovery such that Plaintiff's initial discovery will be focused on the specific projects identified in the First Amended Complaint. There will not be a similar phasing process concerning time records.

**C. Issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.**

The parties discussed and recognized that each side may seek written or testimonial discovery from the United States. If one or both parties seeks third party discovery from US agencies there are likely to be delays or complications owing to the Government's right to oppose or limit such discovery under *United States ex rel. Touhy v. Regan*, 340 U.S. 462 (1951)

The parties discussed issues related to the disclosure, discovery, and preservation of electronically stored information. The parties agreed that they did not expect any issues to arise with respect to the production of electronically stored

information and if such an issue were to arise, would meet and confer on a proposed E-Discovery protocol.

**D. Issues about claims of privilege or of protection as trial-preparation materials.**

The parties discussed issues related to privilege or the protection of confidential information. The parties did not anticipate any issues with respect to claims of privilege. Defendants discussed the potential need for a protective order to protect confidential personal information as well as sensitive commercial information. Defendants will provide Relators with a proposed protective order.

**E. Changes to the limitations on discovery imposed under these rules or by local rule.**

Relator's counsel noted the need to extend the limit of 10 depositions to depositions, given the number of potential witnesses related to the research projects at issue and time records. Defendants counsel recognized that such might be the case and agreed to work with Plaintiff's counsel in identifying essential witness as the case progress. The parties anticipate that they will be able to work through this issue without having to involve the court.

Counsel for the Parties agreed to serve discovery, including third party subpoenas and deposition notices, to each Party via email.

**E. Listing and proposed schedule of written discovery, depositions, and proposed discovery cut-off date**

**a. Initial Disclosures**: The Parties will exchange initial disclosures under Federal Rule of Civil Procedure 26(a)(1) by November 30, 2024.

**b. Fact Discovery Cut-Off –**

**i.** The Parties agreed to serve written discovery on or after December 16, 2024, related to the projects identified in the Complaint and time billing records. Responses to the initial set of written discovery will be due on January 30, 2025.

**ii.** The Parties agreed to meet and confer on additional discovery related to projects not identified in the Complaint. Should Relator elect to seek discovery on non-identified projects, Relator will serve written discovery on the non-identified projects on or after February 28, 2025.

**iii.** The Parties agreed to complete written discovery by March 31, 2025.

**iv.** The Parties agreed to commence depositions April 1, 2025 with a completion of fact discovery on September 1, 2025.

**v.** Discovery cut-off shall be March 6, 2026.

**c. Expert Discovery**

**i.** Relators shall provide the expert disclosures required by Fed. R. Civ. P. 26(a)(2) on November 3, 2025

**ii.** Defendant shall provide the expert disclosures required by Fed. R. Civ. P. 26(a)(2) on December 19, 2025.

**iii.** Relators shall provide rebuttal expert reports on January 19, 2026.

**F. Listing and proposed schedule of law and motion matters and proposed dispositive motion cut-off date.**

The parties propose that Motions for Summary Judgment be filed 45 days after the discovery cut-off date on April 20, 2026. Oppositions to the Motion for

Summary Judgment shall be filed on May 20, 2026, and Reply briefs filed on June 10, 2026.

**G. Settlement Conference/ADR.**

The Parties have not made settlement offers. The Parties believe that the matter is more likely than not to settle and anticipate engaging in a formal mediation conference with a private mediator once the parties have conducted more discovery.

The parties discussed and understand that even though it has declined to intervene in the litigation, the United States retains the authority to approve or reject any proposed settlement or dismissal.

**H. Trial Estimate.**

The Parties estimate a jury trial will last at least 3 weeks.

**I. Additional Parties**

Relators do not anticipate adding additional defendants, and Defendants do not anticipate filing a third-party complaint.

**J. Jury Trial**

Relators request a jury trial.

Date: November 12, 2024 **KLEIMAN RAJARAM**

/s/ Timothy J. McInnis
Mark Allen Kleiman
**KLEIMAN RAJARAM**
12121 Wilshire Blvd., Ste. 810
Los Angeles, CA 90025
Tel: (310) 392-5455
Fax: (310) 306-8491
Email: mark@krlaw.us

Timothy J. McInnis
(*pro hac vice*)
**McINNIS LAW**
521 Fifth Avenue, 17th Floor
New York, NY 10175
Tel: (212) 292-4573
Fax: (212) 292-4574
Email: tmcinnis@mcinnis-law.com

*Attorney for Relators*

Date: November 12, 2024 **O'HAGAN MEYER**

/s/ Michael I. Kessler

Michael I. Kessler
**O'HAGAN MEYER**
21650 Oxnard St., Ste. 530
Woodland Hills, CA 91367
Tel: (213) 306-1610
Fax: (213) 306-1615

*Attorney for Defendants*