McINNIS LAW
Timothy J. McInnis [7151]
*(pro hac vice)*
521 Fifth Avenue, 17th Floor
New York, NY 10175
Tel:(212) 292-4573
Fax: (212) 292-4574
Email: tmcinnis@mcinnis-law.com

Mark Allen Kleiman [115919]
Pooja Rajaram [241777]
KLEIMAN RAJARAM
12121 Wilshire Blvd., Ste. 810
Los Angeles, CA 90025
Telephone: (310) 392-5455
Facsimile: (310) 306-8491
Email: mark@krlaw.us
Email: pooja@krlaw.us

Attorneys for Plaintiffs
DONALD JOHNSON and
HAEDEUK YAE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. DONALD JOHNSON and HAEDEUK YAE,<br><br>Plaintiffs,<br><br>v.<br><br>CHROMOLOGIC LLC and NARESH MENON,<br><br>Defendants. | Case No.: 2:24-cv-06749-PA (JPRx)<br><br>DECLARATION OF POOJA RAJARAM IN RESPONSE TO THE COURT'S ORDER OF SEPTEMBER 15, 2025 |

# DECLARATION OF POOJA RAJARAM

I, Pooja Rajaram, hereby declare as follows pursuant to 28 U.S.C. § 1746:

1. I am an attorney at law, duly licensed by the State of California, and am attorney of record for Relators Don Johnson and Haeduk (Robert) Yae in this matter. If called upon to do so, I could and would testify competently to the following:

2. On August 27, 2025, my office submitted a pro hac vice application for Ms. Sydney Smith Forquer.

3. The sole reason for the pro hac vice application was for Ms. Smith Forquer to be able to participate in depositions that were scheduled for September 1st and 2nd 2025.

4. On August 27, 2025 this application was denied by the Court, citing Loal Rule 83-2.1.3.4 which requires in pertinent part that designated local counsel "maintain an office within the District for the practice of law, in which the attorney is physically present on a regular basis to conduct business".

5. That very day, my office resubmitted the pro hac vice application, with the added information that the address at 12121 Wilshire Blvd. Suite 810, Los Angeles, California, 90025, is a physical office space that my firm, Kleiman/Rajaram uses for matters such as depositions, in person meetings and witness interviews.

6. When we did not hear back from the Court regarding the resubmission of the application, we arranged for the depositions to proceed without Ms. Smith Forquer..

7. On September 2, 2025 we received the Court's order asking for declarations as to why it is not a violation of Local Rule 83-2.1.3.4 for me to be designated as local counsel. The order stated that if declarations were not submitted, the application would be denied. By September 2, 2025 we no longer required Ms. Smith Forquer's admission, as the depositions she was slated to take were already reassigned. Since Ms. Smith-Foquer's admission was no longer necessary we did not submit any additional information to the Court as the issue had been mooted by then.

In retrospect, I recognize that the Court possibly expected that we would have withdrawn the application, and I should have submitted this declaration. I apologize for the failure to do so, and any confusion that failure caused.

8. I am a member of the Bar of this Court and have practiced primarily within this district since 2010.

9. The previous office address for our firm was 2525 Main Street, #204, Santa Monica, CA, 90405. We moved our office from our previous location in Venice, CA, to this Santa Monica address in 2020. Shortly thereafter, the COVID 19 pandemic and subsequent lockdowns caused us to move our practice to a remote, work from home model. My law partner, Mark Kleiman and I set up and maintained home offices, as did our legal assistant.

10. In late July 2022, as a firm, we made the choice to continue to work remotely, as that was working very well for our firm and our practice. In order to have a centralized location to receive mail and packages, as well as a physical space in which to conduct in person meetings and depositions, we moved our office from the Santa Monica location to our current address at 12121 Wilshire Blvd. As of August 2023, we use this office space for in person meetings and depositions. We selected a rental arrangement that guarantees us sixteen hours per month of conference room or office usage, and we have leased additional time as necessary. All of our mail is routed to this address and documents may be physically served upon us there. We regularly pick up said mail, and have receptionist services that immediately forward to our legal assistant to ensure we receive any and all business related communications from the Court and opposing counsel as soon as it is received.

11. In addition to the office at 12121 Wilshire Blvd, I maintain a separate home office within Los Angeles County where I work on a daily basis. I perform all remote tasks in this office, including virtual court hearings, and virtual meetings with the Government and clients. Because this office is located within my private residence, the

address is not feasible as an official address for our office as it implicates both safety and privacy concerns. In addition to my False Claims Act practice, I have an active pro bono practice wherein I represent victims of domestic violence in obtaining restraining orders for protection against their abusers. This further necessitates that my home office location remain confidential as my clients are threatened with violence regularly, and the office through which these pro bono services are provided has also received threats of violence.

12. My law partner, Mark Kleiman, also maintains a home office within Los Angeles County, where he works on a daily basis. He performs all remote tasks in his home office, including virtual court hearings, and virtual meetings with the Government and clients. Because his office is also located within his private residence, the address is not feasible as an official address for our office as it implicates both safety and privacy concerns. In addition to our firm's False Claims Act practice, he also has an active civil rights and constitutional law pro bono practice. He has clients who have been clubbed, kicked, hit by a car, and sprayed with toxic chemicals – all by private, non-governmental assailants. One of his clients in Canada is under federal police protection after having been targeted for murder by a foreign government. This further necessitates that his home office location remain confidential.

13. Thus, to best facilitate our choice to maintain remote work, we made the decision to use a "virtual" office for public facing functions and so that we have a public physical address, while continuing to maintain individual home offices within the District.

14. As stated above, the Court and opposing counsel may readily communicate with me and our firm regarding the conduct of the case at our 12121 Wilshire Blvd. address and documents may be served there, which we will receive promptly. In addition, since I am physically located within Los Angeles County, I am readily available for any emergency court appearances.

15. Furthermore, I have strong ties to this District and knowledge of its rules. In addition to this case, I currently am counsel of record in two other active cases within the District in addition to being counsel of record in a number of under seal FCA matters filed within the District. I have been counsel of record in ten other cases filed in this District dating back to 2010 when I began practicing FCA litigation. I take and have taken an active role in these cases.

16. My law partner is also counsel of record in four other active cases (in addition to this matter) within the District in addition to being counsel of record in a number of under seal FCA matters filed within the District. He has also been counsel of record in over 60 other cases filed in this District dating back to 1994. He is also counsel of record in five active cases in the Los Angeles County Superior Court.

17. As such it is extremely important to both me and Mr. Kleiman to maintain a positive reputation within the District. Because our practice is primarily a qui tam practice, we often work with co-counsel. For any cases where we vouch for co-counsel by acting as local counsel for purposes of a pro hac vice application, we thoroughly vet the case to begin with and make sure that the case and co-counsel meet the highest standards.

18. Our firm, Kleiman/Rajaram is therefore a Los Angeles County law firm, with our principal place of business within Los Angeles County. Our office address at 12121 Wilshire Blvd is the public facing portion of that business, which is physically conducted primarily within the District.

19. It was never my intention to circumvent the Local Rules. I apologize for any confusion that my lack of response to this Court's September 2nd order may have caused.

Executed September 29, 2025, in Los Angeles, California.



Pooja Rajaram