MICHAEL I. KESSLER (SBN 332018)
**O'HAGAN MEYER**
21650 Oxnard Street, Suite 1050
Woodland Hills, CA, 91367
Telephone: (213) 306-1610
Facsimile: (213) 306-1615
Email: mkessler@ohaganmeyer.com
Attorney for Defendants,
CHROMOLOGIC, LLC
and NARESH MENON

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. DONALD JOHNSON and HAEDEUCK YAE<br><br>Plaintiffs,<br><br>vs.<br><br>CHROMOLOGIC, LLC and NARESH MENON<br><br>Defendants. | CASE NO. 2:24-cv-06749 PA (JPRx)<br><br>**DEFENDANTS' MOTION *IN LIMINE* #2**<br><br>**Final PTC: October 24, 2025**<br>**Hearing Date: November 10, 2025 at 1:30 PM**<br>**Trial: November 18, 2025** |

**TO EACH PARTY AND TO THE COUNSEL OF RECORD FOR EACH PARTY:**

**YOU ARE HEREBY NOTIFIED THAT** on November 10, 2025, at 1:30 p.m. in Courtroom 9A in the Court, located at 350 West 1st Street, Los Angeles, CA 90012, Defendants ChromoLogic, LLC ("ChromoLogic") and Naresh Menon ("Menon") (together, the "Defendants") will and hereby do move the Court for an order *in limine* to exclude the following evidence that Relators Donald Johnson ("Johnson") and Haedeuk "Robert" Yae ("Yae") may present at trial:

(1) all evidence and argument regarding the actual damages; and

(2) all evidence and argument related to a "fraud in the inducement" theory not pled in the Amended Complaint.

This Motion is based upon this Notice of Motion and Motion, Memorandum of Points and Authorities in support thereof, all pleadings and papers on file in this action, such other evidence or arguments as may be presented to the Court, and such other matters of which this Court may take judicial notice.

Defendants state as follows in support of their Motion *in Limine* # 2:

## INTRODUCTION

Following the close of discovery, Defendants learned for the first time on September 19, 2025, that Relators intend to pursue a timekeeping fraudulent inducement theory of liability under the FCA, that was not pled in the Amended Complaint. Relators' Amended Complaint asserted that Defendants allegedly

committed timesheet fraud by presenting "falsified employee timesheets to SBIR funding agencies for payment and were paid." (ECF 48, at ¶ 126). Wholly absent from the Amended Complaint is an allegation setting forth the specific content of an allegedly false promise made by ChromoLogic regarding time entry that purportedly induced the Government to enter into a contract with ChromoLogic. It is well-settled that a party may not offer evidence at trial in support of a claim or theory not pled.

Accordingly, and for the reasons set forth below, Defendants move this Court to preclude Relators from offering evidence or testimony regarding their new fraud in the inducement theory that was not pled in the Amended Complaint.

## I. Motion *in Limine* #2 – The Court Should Preclude Evidence and Testimony Concerning a Fraud in the Inducement Theory that Relators Did Not Allege in the Amended Complaint.

"It is well-established in the Ninth Circuit, that where a theory or claim is not pled in the Complaint, a party may not submit evidence as to that theory or claim because a plaintiff must provide the defendant 'fair notice' of its alleged liability." *Evervictory Elc. (B.V.I) Co. v. Invision Indus.*, 2012 U.S. Dist. LEXIS 77935, * 4 (C.D. Ca. Jun. 4, 2012) (citing *Dream Games of Arizona, Inc. v. PC Online*, 561 F.3d 983, 995 (9th Cir. 2009)). Relators first disclosed this "fraud in the inducement" theory on September 19, 2025 without any support or basis. Then, for the first time during an exchange of draft jury instructions on October 2, 2025 – well after the close of discovery – Relators articulated in writing what they intend to pursue with the fraud in the inducement claim:

> Relators assert that Defendants created, maintained and used, or caused others to create, maintain and use a non-complaint time recording system, non-compliant time recording policy and non-compliant time recording practices, all of which were either falsely described or not properly disclosed to the United States, both in writing and verbally, and thereby fraudulently induced the United States to allow Chromologic participate in, and continue to participate in, government-funded research programs.

Exhibit 1.

That theory was not pleaded by Relators in the Amended Complaint.

The Amended Complaint focused on two theories of liability for violation of the FCA: (i) alleged research fraud, and (ii) alleged timekeeping fraud. (ECF 48, ¶¶ 3-4). With respect to the latter timekeeping theory, Relators based their claim on the alleged submission of false time records in invoices to the Government for payment. (ECF 48, ¶¶ 198-211). While the Amended Complaint includes allegations regarding the Government's requirements for DCAA-complaint accounting systems and accurate submission of information on SF 1408 forms, those allegations were asserted to purportedly substantiate the materiality of the time records to the government's payment of invoices. (ECF 48, ¶¶ 217-221).

The Amended Complaint did not allege a specific representation that ChromoLogic allegedly made to the Government related to timekeeping that induced or cause the Government to enter into a specific contract, much less who made the representation, when it was made, or the contract that the Government was allegedly induced to enter. That is because the Complaint does not assert a fraudulent

inducement theory of liability.

The Ninth Circuit has recognized FCA liability under the theory of promissory fraud or fraud in the inducement. *United States v. Univ. of Phoenix*, 461 F.3d 1166, 1172 (9th Cir. 2006). Whereas a false certification claim alleges that a contractor certified that it *did* comply with a statute, regulation or contract term when it knew at the time that it did not do so, the promissory fraud theory alleges that a contractor, in seeking to obtain a contract or extension of government benefit, promised that it *would* do something that it planned not to do or that it used false statements or fraudulent conduct to secure the contract or benefit. *Id.* at 1174.

The Amended Complaint is wholly devoid of any allegation of a promise or representation made by ChromoLogic related to timekeeping to induce the Government to enter into contracts with ChromoLogic. Relators' fraud in the inducement theory related to timekeeping was not pled in the operative Amended Complaint, and therefore, Relators have "failed to adequately place defendants on notice of this theory and has thereby prevented defendants from seeking relevant discovery and from addressing [the theory] by way of a dispositive pretrial motion." *Invision Indus.*, 2012 U.S. Dist. LEXIS 77935, at * 5.

Accordingly, this Court should preclude Relators from presenting to the jury and offering any evidence or testimony relating to Relators' new fraud in the inducement theory.

**Plaintiffs' Opposition to Defendants' Motion in Limine #2**

Defendants contest Plaintiffs' use of evidence and testimony to support the "fraud in the inducement" alternative approach for liability under the False Claims Act ("FCA"). Defendants' motion is groundless because they had sufficient notice of this basis for liability and by their conduct consented to litigate it. Alternatively, Plaintiffs' should be permitted to amend the First Amended Complaint, ECF No. 48 ("FAC"), to conform to the evidence in the case.

Fraud in the inducement (also known as "promissory fraud") is a widely-recognized means for establishing FCA liability. *See, e.g., UPPI LLC v. Cardinal Health, Inc*., No. 21-35905, 2022 U.S. App. LEXIS 23634, at *3-5 (9th Cir. Aug. 23, 2022); *United States ex rel. Campie v. Gilead Scis*., 862 F.3d 890, 902 (9th Cir. 2017); *Hooper v. Lockheed Martin Corp*., 688 F.3d 1037, 1048-49 (9th Cir. 2012); *United States v. Univ. of Phx*., 461 F.3d 1166, 1173-74 (9th Cir. 2006).
Under this approach, "'liability will attach to each claim submitted to the government under a contract, when the contract ... was originally obtained through false statements or fraudulent conduct.'" *United States ex rel. Campie v. Gilead Scis*., 862 F.3d at 902. Subsequent claims for payment are tainted with fraud because of the original false statements or fraudulent conduct. *Id*.

The elements of a claim for fraud in the inducement are very similar to those necessary for other types of liability under the FCA. *Id*.; *see also United States v. Univ. of Phx*., 461 F.3d at 1174. There needs to be a false representation to the

government and it needs to be made knowingly.

Here, Plaintiffs allege that, in order to participate in the government programs at issue, Defendants were required to develop and maintain a compliant time recording system, devise and implement appropriate time keeping policies and take steps to ensure its employees engaged in accurate time keeping practices. FAC at ¶¶ 74-90. See also DCAA Contract Audit Manual, Section 6-404 (effectively making internal cost charging and allocation controls a condition of participation and payment). Plaintiffs further contend that Defendants mislead the government into believing Chromologic had taken these steps, when, in fact, Chromologic had not, as discussed in detail below.

Among other things, the evidence adduced during discovery shows that, in order to induce the government to permit Chromologic to participate in the department's research funding programs, Chromologic submitted a written Policies and Procedures: Accounting, Reporting and Billing report ("Time Policy") to the Defense Contract Audit Agency (DCAA). Ex. 5. The Time Policy purports to show Chromologic had a fully compliant time recording system and would implement appropriate time keeping policies. Id. at §§ 4 and 5. However, the evidence developed during discovery shows that Chromologic's written Time Policy was "complete fiction," as one former Chromologic employee testified in deposition. Ex. 6 Maleki Tr. at 105:6-106:18. Relatedly, additional testimony establishes that a during an onsite audit former employee Robert Yae gave false information to a

DCAA representative about Chromologic's billing practices. Ex. 7 Yae Tr. at 238:18-239:21.

Additional evidence in the case shows that notwithstanding Chromologic's representation that "It is Chromologic's policy to record all time in an accurate and accountable manner," Ex. 5 at p. 3, Defendants engaged in a pervasive and systematic scheme to record false time on government projects. This scheme included: (a) billing time to Chromologic government projects for time actually spent working for Covisus Corp. --a separate entity owned by Defendant Menon; (b) billing indirect labor (that is, general and administrative labor or "G&A" labor) as direct labor on government projects; and (c) billing Chromologic professionals' time to government projects that these employees never worked on.

Evidence in the case also shows the scheme to mischarge time on government contracts was the result of deliberate steps taken by Chromologic's management. These steps included devising an electronic time keeping system that prevented employees from altering the names of projects and/or the hours spent working on the projects from information management provided to the employees at the time they were preparing their electronic timesheets. Under the system Chromologic put in place, if employees tried to record and upload their actual time when it differed from what Chromologic wanted to bill for accounting reasons the employees' computer screens would show a "system error" message and they would be blocked from recording true, correct and accurate time. Ex. 8 Nguyen Tr. at 78:6-16.

Defendants cannot genuinely claim they had no clue Plaintiffs might cast their claims as sounding in both fraud in the inducement as well as per project fraud. The FAC is replete with allegations concerning Chromologic's need to have a compliant time recording system, policies and practices, on the one hand, and its failure to do so, on the other. See FAC at ¶¶. 74-90, 106, 115-24, 199, 217-227. Indeed, in their answer, ECF No. 51, ("Answer"), Defendants interposed a defense to these allegations by denying them and twice asserting affirmatively that Chromologic's "electronic timekeeping was approved by the DCAA." Answer at ¶¶ 115 and 117. Relatedly, in response to an interrogatory Defendants identified Iesha Henderson, a Defense Contract Management Agency (DCMA) representative, as someone they claimed had "produced a final examination result of Chromologic's timesheet records." See Ex. 9, Interrogatory No. 37. After receiving Defendants' interrogatory response Plaintiffs issued third party subpoenas to both DCAA and DCMA, and served notice on Defendants contemporaneously. Thereafter, Plaintiffs obtained a declaration from Ms. Henderson and provided it to Defendants. Ms. Henderson's declaration undermines Defendants' claim they had a government-approved time keeping system. Ex. 10 at ¶ 9. Defendants never sought to depose Ms. Henderson or obtain any discovery from DCMA or DCAA. Additionally, during depositions of Chromologic's management personnel, including, especially, its CFO, Plaintiffs repeatedly asked questions about whether Defendants made misrepresentations to the government about having a compliant time recording system and whether such

misrepresentations would be material to the government's decision to allow Chromologic to participate in government research programs. Ex. 11, Nguyen Tr. at 40:11-42:17.

Taken together, the above litigation activities show not only notice by Plaintiffs and knowledge on behalf of Defendants about fraud in the inducement liability, but they go even further. These activities show that Defendants expressly or impliedly consented to litigate that issue. *See* Fed. R. C. P. 15(b)(2); *see also Ortiz v. Jordan*, 562 U.S. 180, 191 n.7 (2011) (even though the complaint did not explicitly mention a particular claim, because the defendant "recognized the ... interests at stake" during the litigation that was sufficient under Fed. R. Civ. P. 15(b)(2) to treat it as though the claim had been raised in the pleadings).

The fact that the FAC does not include the label "fraud in the inducement" is of no moment. Fed. R. Civ. P. 8(a)(2) requires only notice pleading. There is no requirement to use specific "labels" in complaints. It is the substance of the allegations, not any label, that governs. *See D.D. v. L.A. Unified Sch. Dist.*, 984 F.3d 773, 784 (9th Cir. 2020) (The court looks "to the substance rather than the labels used in, the plaintiff's complaint.").

To the extent Defendants want to rely on Fed. R. Civ. P. 9(b) to challenge the level of details supporting Plaintiffs' fraud in the inducement theory, Defendants long ago waived that opportunity by failing to move under Fed. R. Civ. P. 12(b)(6). Similarly, Defendants ' waived any right to move for a more definitive statement

under Fed. R. Civ. P. 12(e) by not having made that motion before.

Alternatively, if the Court were to find that Plaintiffs failed to give adequate notice of fraud in the inducement or that Defendants did not expressly or impliedly consent to try that theory of liability, the Court should permit Plaintiffs to amend the FAC before trial under Fed. R. Civ. P. 15(a), or at trial under Fed. R. Civ. P. 15(b), to conform to the evidence. This is especially true here because the evidence supporting fraud in the inducement is essentially coterminous with the evidence supporting the per project theory of liability.

The Ninth Circuit has repeatedly held that freely permitting amended pleadings "should be 'applied with extreme liberality.'" *Oak v. Winter*, No. 2:22-cv-00517-MEMF-(PDx), 2022 U.S. Dist. LEXIS 66070, at *3-4 (C.D. Cal. Mar. 23, 2022) (and cases cited therein).

Granting leave to amend is well within the Court's sound discretion here because there is no evidence of: undue delay, bad faith or dilatory motive on the part of the Plaintiffs; repeated failures to cure deficiencies by amendments previously allowed; undue prejudice to Defendants, or futility of amendment. Id. (citing and quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962*)). See also Berg v. Honeywell Int'l, Inc*., 580 F. App'x 559, 559-60 (9th Cir. 2014) (district court abused its discretion by denying leave to amend FCA complaint where it contained sufficient allegations to plead fraud in the inducement*); United States v. United Healthcare Ins. Co*., 848 F.3d 1161, 1184-85 (9th Cir. 2016) (vacating decision precluding FCA

relator from filing fourth amended complaint where it would not be futile, the plaintiff had not repeatedly failed to cure deficiencies, and there was no evidence of bad faith combined with undue delay); *cf. United States v. Walgreen Co.,* No. CV09-1293 PSG PJWx, 2018 U.S. Dist. LEXIS 228256 (C.D. Cal. May 24, 2018) (permitting relator to file third amended complaint to add fraud in the inducement theory to complaint and not requiring further sealing because the fraudulent inducement claim was not substantially different from an existing FCA claim and was not entirely new and substantially different, as defendant argued).

In contrast, Defendants' reliance on *Evervictory Elc. (B.V.I) Co. v. Invision Indus.*, 2012 U.S. Dist. LEXIS 77935, * 4 (C.D. Ca. Jun. 4, 2012) to preclude amending the FAC is misplaced. There, the court refused to allow a late third amended complaint where the defendant had successfully challenged the original and the first amended complaint and had no notice plaintiff was seeking successor liability. In this case, the FAC provides sufficient notice of fraud in the inducement and so does Plaintiffs' conduct during the litigation. Moreover, Plaintiffs voluntarily amended the original complaint; Defendants never challenged the FAC on either a motion to dismiss or motion for summary judgment.

Finally, Plaintiffs note that Defendants' purported motion in limine for a supposed evidentiary ruling, raises a fundamental concern that this is not even an evidentiary motion per se. Defendants do not say what evidence concerning fraud in the inducement they believe should be excluded. More to the point, Defendants do

not say how any evidence they might want to exclude is any different from the evidence Plaintiffs will be permitted to use to show fraud and scienter with respect to specific government projects and the amounts awarded on them. For example, Defendants cannot seriously argue that the evidence Defendants created an electronic time recording system that literally prevented its employees from recording and uploading accurate time should be excluded at a trial where the core allegation is that Defendants mischarge time on government projects.

In short, Defendants concern about fraud in the inducement is of a much different kind than one sees in a typical motion in limine. The Court should determine whether it is even a bona fide motion in limine or some other type of motion that should have been made at a different time and in a different manner. For these reasons, Defendants' Motion in Limine # 2 should be denied.

//

//

//

//

//

//

//

//

//

# DEFENDANTS' REPLY

Contrary to the flawed premise behind Relators' opposition, the issue raised by Defendants' Motion in *Limine* #2 does not concern whether Relators believe that they may have discovered evidence to support a fraud in the inducement theory during pre-trial discovery, but rather, the Motion concerns whether Relators pleaded a fraud in the inducement theory in the Amended Complaint. They did not.

To plead a fraud in the inducement (or promissory fraud) theory under the FCA, Relators would have had to plead facts establishing that ChromoLogic made a promise to a government agency that it did not intend to keep for the purpose of inducing that agency to issue a research contract to ChromoLogic. *United States v. Univ. of Phoenix*, 461 F.3d 1166, 1174 (9th Cir. 2006) ("for promissory fraud to be actionable under the False Claims Act, 'the promise must be false when made.'") (quoting *United States ex rel. Hopper v. Anton*, 91 F.3d 1261, 1267 (9th Cir. 1996)). The Ninth Circuit held that a plaintiff had adequately alleged a false inducement theory under the FCA when the complaint identified the specific contracts that had been allegedly fraudulently induced, and it alleged: "who (defendants), what (those eight contracts), where (in the locations identified in those contracts), when (at the time the contracts were bid on, negotiated, an executed), and how (by falsely promising that they SDVOSBs would perform the contract)[.]" *UPPI LLC v. Cardinal Health, Inc.*, 2022 U.S. App. LEXIS 23634, at * 4 (9th Cir. Aug. 23, 2023).

Relators' Amended Complaint alleges none of those facts. Instead, Relators

alleged under the so-called Timekeeping Fraud claim, two theories of factual falsity. Relators alleged that the Defendants submitted factually false invoices that claimed labor expenses that were not expended on the contract. And, they claimed that Defendants made factually false statements regarding the time spent by ChromoLogic's employees performing work on the research project.

Contrary to what Relators argue, this is not a case where Relators attempted to plead a fraud in the inducement theory but did so deficiently. They pleaded neither the theory nor the elements of a fraud in the inducement theory. Relators Amended Complaint identified seven contracts that they contended were the product of alleged so-called research fraud. (ECF 48 at ¶¶152-197). Yet, the Amended Complaint does not identify a single contract that Relators contend was fraudulently induced by an alleged promise by Defendants related to ChromoLogic's accounting system. Indeed, the Amended Complaint fails to identify the specific promise that Chromologic made to the Government related to its accounting system as an inducement to enter into a contract with the government.

As a fallback, Relators request that this Court grant them leave to amend their Amended Complaint to assert the belated asserted promissory fraud claim. This Court should deny Relators' request. First, this Court, in its November 14, 2024 In Chambers Order, set February 17, 2025 as the last day for hearing on Motion to Amend Pleadings, and Relators have failed to establish good cause for their failure to seek to amend their Amended Complaint until now. Plainly, by their own

admission, before the close of discovery, Relators believed that they had discovered evidence to support a promissory fraud theory. Yet, they made no effort to seek this Court's leave to file a Third-Amended Complaint asserting the new theory.

Second, Defendants have not impliedly litigated the issue merely because Relators questioned ChromoLogic's employees at depositions regarding ChromoLogic's accounting system, and Relators presented a declaration of a government witness just 5 days before the close of discovery.

Finally, to permit Relators to now pursue an undisclosed promissory fraud in the inducement theory now, after discovery has closed and on the eve of trial severely prejudices Defendants by failing to provide Defendants with adequate notice and an opportunity to discover the basis of Relators' claim and to prepare their defense. *See Evervictory*, 2012 U.S. Dist. LEXIS 77935 * 4. ("[P]ermitting [Relators] to amend its complaint a third time at this late stage-after the discovery and motion cut-offs and on the eve of trial-would unduly prejudice defendants, who did not conduct any discovery on the issue of [fraud in the inducement].").

## CONCLUSION

For the reasons stated above, Defendants respectfully request that this Court grant Defendants' Motion *in Limine* # 2 and exclude all evidence and argument related to Relators' un-asserted promissory fraud theory.

//

//

Dated: October 17, 2025

Respectfully submitted,

By: */s/ Michael I. Kessler*
Michael I. Kessler (SBN 332018)
O'Hagan Meyer
21650 Oxnard Street, Suite 530
Woodland Hills, CA 91367
Telephone: 213-306-1610
Facsimile: 213-306-1615
Email: Mkessler@ohaganmeyer.com

Charles M. Sims (*Pro Hac Vice*)
Enaita Chopra (*Pro Hac Vice*)
O'Hagan Meyer, PLLC
411 E. Franklin Street Ste 500
Richmond, VA 23219
Telephone: 804-403-7100
Facsimile: 804-403-7110
Email: csims@ohaganmeyer.com
Email: echopra@ohaganmeyer.com
***Attorneys for Defendants Chromologic, LLC and Naresh Menon***

By: */s/ Timothy J. McInnis*
Mark A. Kleiman (SBN 115919)
Pooja Rajaram (SBN 241777)
Kleiman Rajaram
12121 Wilshire Boulevard, Suite 810
Los Angeles, CA 90025
Telephone: 310-392-5455
Facsimile: 310-306-8491
Email:Mark@krlaw.us
Email:Pooja@krlaw.us

Timothy J. McInnis (*Pro Hac Vice*)
McInnis Law
521 5th Avenue, 17th Floor
New York, NY 10175
Telephone: (212) 292-4573
Facsimile: (212) 292-4574
Email: tmcinnis@mcinnis-law.com
***Attorneys for Plaintiffs, United States of America ex rel. Donald Johnson and Haedeuk Yae***

**CERTIFICATION UNDER LOCAL RULE 11-6.2**

The undersigned, counsel of record for Defendants, certifies that in accordance with the Court's scheduling Order, neither party's portions of the Joint Motion in Limine exceeds eight (8) pages:

___complies with the word limit of L.R. 11-6.1 of no more than 7000 words.

_x_ complies with the page limit set by court order dated November 15, 2024.

Dated: October 17, 2025

__*/s/ Michael I. Kessler*
Michael I. Kessler